UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELLIS ROMEOO LEE THOMAS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-48-JD-JPK |
| TIFFANY TURNER, et al., | |
| Defendants. | |

OPINION AND ORDER

Ellis Romeoo Lee Thomas, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 6. First, he is proceeding "against Dr. Nancy Marthakis and Nurse Tiffany Turner in their individual capacities for money damages for denying him adequate medical care as required by the Eighth Amendment after he injured his foot on or about August 6, 2021[.]" *Id.* at 7. Second, he is proceeding "against Nurse Tiffany Turner in her individual capacity for monetary damages under the Fourteenth Amendment for administering Narcan against his wishes and for no legitimate medical reason on or about August 6, 2021[.]" *Id.* On July 6, 2023, the defendants filed a motion for summary judgment, arguing Thomas did not exhaust his administrative remedies before filing this lawsuit. ECF 18. With the motion, the defendants provided Thomas the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 21. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over three months ago, but Thomas has not responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim

2

on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Thomas' grievance records, which show the following facts:[1] During all relevant times, ISP had an Offender Grievance Process in place that was available to Thomas. ECF 20-7 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* Thomas' grievance records show he attempted to submit formal grievances related to his claim against the defendants, but the grievance office properly rejected each grievance. *Id.* at 3-6.

Specifically, Thomas' grievance records show he first submitted a formal grievance on August 12, 2021, complaining he was injured at work, received inadequate

---

[1] Because Moore has not responded to Officer Frances' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Moore's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

medical care, was terminated from his job, and was improperly sent to restrictive housing ("August 12 grievance"). ECF 20-7 at 3-4; ECF 20-3 at 2-4. Thomas' August 12 grievance attached two supplemental sheets of paper describing the incident. *Id.* On August 19, 2021, the grievance office returned the August 12 grievance to Thomas informing him he was only allowed to attach one additional sheet of paper to explain his grievance and that he could correct and resubmit the grievance within five business days. ECF 20-7 at 4; ECF 20-3 at 1. On August 22, 2021, Thomas resubmitted a shortened two-page grievance reiterating the facts from his August 12 grievance and requesting various forms of relief, including that he be removed from restrictive housing and placed back in general population ("August 22 grievance"). ECF 20-7 at 4; ECF 20-4 at 2-3. On September 1, 2021, the grievance office returned the August 22 grievance to Thomas because it concerned a matter not appropriate to the grievance process, as his placement in restrictive housing was a matter for a classification appeal. ECF 20-7 at 4; ECF 20-4 at 1. There is no evidence Thomas ever corrected and resubmitted his August 22 grievance or submitted a classification appeal.

      Here, the undisputed facts show Thomas did not fully exhaust any relevant grievance before filing this lawsuit, as the grievance office properly rejected both of his grievances. Specifically, the grievance office properly rejected Thomas' August 12 grievance because it contained more than one additional sheet of paper explaining the grievance, and properly rejected his August 22 grievance because it raised a matter

inappropriate to the grievance process.[2] Thomas' grievance records show he submitted two other grievances, but these grievances complained only that he was not receiving showers after work (ECF 20-5) and had his property confiscated by correctional officers (ECF 20-6), and were thus unrelated to his claims in this lawsuit that the defendants denied him adequate medical care.

Accordingly, because it is undisputed Thomas did not fully exhaust any grievance related to his claims in this lawsuit, and Thomas provides no evidence his administrative remedies were unavailable, the defendants have met their burden to show Thomas did not exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 18);

(2) DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Ellis Romeoo Lee Thomas and to close this case.

SO ORDERED on November 20, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Offender Grievance Process lists "Classification actions or decisions, which include loss of a job, change in security level, facility transfers, and bed moves" as a matter inappropriate to the grievance process, as "a separate classification appeals process is in place for this purpose." ECF 20-1 at 4. Because Thomas complained in his August 22 grievance that he was improperly placed in restrictive housing and terminated from his job and requested as relief that he be placed back in general population and returned to his job, the grievance office properly rejected Thomas' August 22 grievance as raising an issue not appropriate to the grievance process. Thomas could have corrected and resubmitted this grievance to omit the non-grievable portions, but he provides no evidence he did so.